

F I L E D
JUN - 5 2023
**CLERK'S OFFICE**
**U.S. DISTRICT COURT**

ORIGINAL

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                Hon. Terrence G. Berg

v.

                                Case No. 2:23-cr-20189

FeelGood Natural Health Stores, Ltd.,

        Defendant.

_____/

### Plea Agreement

The United States of America and Defendant, FeelGood Natural Health

Stores, Ltd., have reached a plea agreement under Federal Rule of Criminal

Procedure 11. The plea agreement's terms are:

**1.     Count of Conviction**

Defendant will waive its right to an indictment and will plead guilty to

Count One of the Information. Count One charges Defendant with violating the

Lacey Act, specifically Title 16, United States Code, Sections 3372(a)(1) and (4)

and 3373(d)(1)(B).

**2.     Statutory Minimum and Maximum Penalties**

Defendant understands that the count to which it is pleading guilty carries

the following maximum statutory penalties:

| Count One | Fine: | $500,000 |
|---|---|---|
| | Term of Probation: | 5 years |

3.    **Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its

terms, and as long as Defendant fulfills its obligations under the required

Compliance Plan, the United States Attorney's Office for the Eastern District of

Michigan and the Environmental Crimes Section, Environment & Natural

Resources Division, U.S. Department of Justice (collectively "the government")

will not bring additional charges against Defendant for any imports of seal oil

capsules by Defendant that occurred before the date of this agreement and of which

the government (1) is aware by the date of this agreement, or (2) is made aware by

Defendant within one month of the date of this agreement through the cooperation

described in paragraph 8. This non-prosecution agreement does not extend to any

related tax violations, is limited to criminal prosecution of Defendant, and does not

extend to any other parties involved in the violations.

4.    **Elements of Count of Conviction**

The elements of Count One are:

(1)     On or about the dates set forth in the Information, within the Eastern

District of Michigan, Defendant, through a person or entity acting on its

behalf,

(2)     knowingly transported, sold, or attempted to transport or sell, fish and

wildlife, specifically seal oil capsules,

(3)     knowing said wildlife had been transported, that is, imported, in

violation of the Marine Mammal Protection Act, Title 16, United States

Code, Section 1372(a)(4)(B), which makes it unlawful to transport any

marine mammal product for any purpose other than public display, scientific

research, or enhancing the survival of a species or stock,

(4)     said wildlife had a value of greater than $350, and

(5)     the defendant's conduct involved sale or offer or intent to sell said

wildlife.

**5.     Factual Basis**

The parties agree that the following facts are true, accurately describe

Defendant's role in the offense, and provide a sufficient factual basis for

Defendant's guilty plea:

A.     Defendant is a Canadian corporation located in Whitby, Ontario,

Canada.

B.     Between at least April 2019 and May 2021, Defendant offered for sale

in the United States, via the internet (both its own webpage and a third-party platform), a marine mammal product, specifically seal oil capsules.

C.    When a person in the United States placed an order with Defendant for seal oil capsules, Defendant would either ship the items directly from Canada to the customer in the United States or ship the items from or through fulfillment centers run by a third party in the United States.

D.    The following shipments of seal oil capsules were made, through the Eastern District of Michigan, relevant to the charge in this case:

| No. | Date | Quantity (Bottles) | Fair Market Retail Value | Shipment Type | Status |
|---|---|---|---|---|---|
| 1 | April 16, 2019 | 267 | 267x11.34= $3,027.78 | To fulfillment center | Seized at border and forfeited |
| 2 | April 21, 2019 | 156 | 156x11.34= $1,769.04 | To fulfillment center | Seized at border and forfeited |
| 3 | April 25, 2019 | 270 | 270x11.34= $3,061.80 | To fulfillment center | Seized at border and forfeited |
| 4 | April 29, 2019 | 126 | 126x11.34= $1,428.84 | To fulfillment center | Seized at border and forfeited |
| 5 | May 4, 2019 | 30 | 15x19.10+ 15x11.34= $456.60 | Direct from Defendant | Covert purchase |
| 6 | July 5, 2019 | 42 | 42x11.34= $476.28 | From fulfillment center | Covert purchase |
| 7 | June 29, 2020 | 45 | 45x9.79= $440.55 | Direct from Defendant | Covert purchase |
|  | TOTAL | 936 | $10,660.89 |  |  |

E.      Prior to the first of these shipments, Defendant's webpage for this product hosted on a third-party platform included the statement: "NOT ship to USA."

F.      On April 26, 2019, the U.S. Fish and Wildlife Service sent, and on May 5, 2019, Defendant received, a Notice of Seizure and Proposed Forfeiture via the U.S. Postal Service and Canada Post stating that the shipments 1 through 3 above were seized because they were imported in violation of the Marine Mammal Protection Act and were subject to forfeiture.

G.      Following covert purchases 5 and 6 above, the government agent received an email from Defendant soliciting further purchases of seal oil capsules.

H.      Shipments 1 through 4, above, were each intended, after import into the United States, to be transported to a third-party fulfillment center to be used to fill sales made through the third-party internet platform, like the sale made for shipment 6, above, to the undercover agent. Shipments 5 and 7, above, were illegally imported into the United States and then transported to the undercover agent to complete the sale.

## 6.    Advice of Rights

Defendant has read the Information, has discussed the charges and possible defenses with its attorney, and understands the crime charged. Defendant

understands that, by pleading guilty, it is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel at trial and every other stage of these proceedings;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

G.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

Defendant understands that its conviction could result in additional administrative sanctions such as suspension, debarment, and listing to restrict rights and opportunities of Defendant to contract with or receive benefits, loans, permits, or assistance from agencies of the United States. Defendant understands that no one, including Defendant's attorney or the Court, can predict to a certainty what the additional consequences of Defendant's conviction might be.

**8.** **Cooperation**

Defendant agrees that it shall cooperate fully with the government by providing truthful and complete information and producing documents, records and other evidence, when called upon by the government, and by facilitating such cooperation of its employees, whether in interviews, before a grand jury, or at any trial or other Court proceeding. Defendant agrees that it will not protect any person or entity through false information or omission, that it will not falsely implicate any person or entity, and that it will not commit any further crimes.

The government will not use Defendant's statements in the course of cooperation, as made through its employees or representatives, as direct evidence in support of any increase to the applicable offense level under the United States Sentencing Guidelines or in support of any upward variance from the applicable guideline range, as permitted by USSG § 1B1.8. But the government retains the right to otherwise use Defendant's statements in the course of cooperation at sentencing. This office may also use for sentencing purposes all information previously known to the government, and all information obtained or discoverable through another domestic source of evidence.

9.    **Defendant's Sentencing Factors**

   A.    **Court's Determination**

   The parties acknowledge that the determination of a fine amount in this case is governed by 18 U.S.C. §§ 3553 and 3572. *See* USSG § 8C2.1 (Commentary, Background) and § 8C2.10. The determination of a term of probation is governed by USSG § 8D1. The Court will determine Defendant's sentence after consideration of those provisions.

   B.    **Parties' Obligations**

   Both Defendant and the government agree not to take any position or make any statement that is inconsistent with any of the recommendations or factual stipulations in paragraphs 5 and 9. Neither party is otherwise restricted in what it may argue or present to the Court as to Defendant's sentence.

   C.    **Not a Basis to Withdraw**

   Defendant understands that it will have no right to withdraw from this agreement or withdraw its guilty plea if it disagrees, in any way, with the sentence determined by the Court, even if that sentence does not incorporate the parties' recommendations or factual stipulations in paragraphs 5 and 9. The government likewise has no right to withdraw from this agreement if it disagrees with the sentence determined by the Court.

**D.     Imposition of Sentence**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties stipulate and recommend as follows:

a.      The United States will recommend a total fine of $20,000 representing approximately twice the gross gain that was to be derived from the offense conduct. *See* 18 U.S.C. § 3571(d). Defendant will recommend a total fine of $5,000, representing a multiplier of the actual profits. The parties stipulate and agree that an order of forfeiture should be entered in the amount of $1,373.43, representing the amount paid by the covert agents for shipments 5 through 7. The parties further agree that the fine as determined by the court and the forfeiture amount shall be paid in full on the day of sentencing and shall be deposited into the Lacey Act Reward Account, pursuant to 16 U.S.C. § 3375(d).

b.      The parties stipulate and agree that Defendant shall be sentenced to a term of 36 months' probation with the following specific conditions imposed in addition to the standard conditions:

i.      Within the first three months of probation, Defendant shall create, and thereafter implement throughout at least the period of probation, a Compliance Plan that, at minimum, conforms to the

requirements set forth in USSG § 8B2.1, the purpose of which is to avoid future violations of the Marine Mammal Protection Act.

ii.      Within the first three months of probation, Defendant will assess whether it ships any other wildlife products to the United States and notify the government in writing of the results of that assessment. If it does so ship, or anticipates doing so, Defendant will apply to the U.S. Fish and Wildlife Service for an import/export license if appropriate or identify to the government a U.S. entity that has such a license and that will act as the importer for all wildlife shipments by Defendant to the United States. Defendant also will, within the first six months of probation, and annually thereafter, provide training on the legal requirements for import of wildlife products into the United States, including labeling and declaration requirements, to each employee with responsibilities relating to the export of products.

iii.      During the term of probation, Defendant shall notify the United States Probation Office for the Eastern District of Michigan of any corporate name change or any other change in corporate structure or governance that would materially affect this agreement and/or the sentence imposed, within 30 days of such change. No change in name, business reorganization, merger, change of legal status, or similar

action or event shall alter Defendant's responsibilities under this agreement. Defendant agrees that it shall not knowingly engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

   iv. During the term of probation, Defendant shall continue its cooperation as described in paragraph 8.

## 10. No Right to Withdraw

The parties' recommendations in paragraph 9.D are not binding on the Court. Defendant understands that it will have no right to withdraw from this agreement or withdraw its guilty plea if the Court decides not to follow the parties' recommendations. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the recommendations. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the parties will be permitted to withdraw from the agreement.

## 11. Restitution

The Court must order restitution to every identifiable victim of Defendant's offense. There is no recommendation or agreement on restitution; however, the parties agree that that are no identifiable victims. However, the Court will determine at sentencing who, if anyone, the victims are and the amounts of restitution they are owed.

Defendant agrees that any restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Defendant agrees to make a full presentence disclosure of its financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining its ability to pay restitution. Defendant agrees to complete and return the Financial Disclosure Form within six weeks of receiving it from government counsel. Defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**12.     Special Assessment**

Defendant understands that it will be required to pay a special assessment of $400 due immediately upon sentencing.

13.    **Appeal Waiver**

Defendant waives any right it may have to appeal its conviction on any

grounds. If Defendant's sentence of probation does not exceed five years,

Defendant also waives any right it may have to appeal its sentence on any grounds.

14.    **Collateral Review Waiver**

Defendant retains the right to raise claims alleging ineffective assistance of

counsel or prosecutorial misconduct, as long as Defendant properly raises those

claims by collateral review under 28 U.S.C. § 2255. Defendant also retains the

right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as

Defendant properly files a motion under that section. Defendant, however, waives

any other right it may have to challenge its conviction or sentence by collateral

review, including, but not limited to, any right it may have to challenge its

conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly

raised ineffective assistance of counsel or prosecutorial misconduct claims, as

described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

15.    **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If Defendant is allowed to withdraw its guilty plea, or if Defendant's

conviction or sentence under this agreement is vacated, the government may

reinstate any charges against Defendant that were dismissed as part of this

agreement and may file additional charges against Defendant relating, directly or

indirectly, to any of the conduct underlying Defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, Defendant waives its right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**16.    Use of Withdrawn Guilty Plea**

Defendant agrees that if it is permitted to withdraw its guilty plea for any reason, it waives all its rights under Federal Rule of Evidence 410, and the government may use its guilty plea, any statement Defendant made at its guilty plea hearing, and the factual basis set forth in this agreement, against Defendant in any proceeding.

**17.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Environmental Crimes Section, Environment & Natural Resources Division, U.S. Department of Justice.

**18.    Corporate Authorization**

Prior to entry of plea, Defendant will provide to the Court and the government a corporate resolution authorizing the entry of a plea of guilty to Count One of the Information, and compliance with all provisions of this agreement, and

that Defendant's designated representative is authorized to appear on behalf of

Defendant to enter the guilty plea in the Eastern District of Michigan and appear

for imposition of the sentence, including by remote means.

**19.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and

supersedes any other promises, representations, understandings, or agreements

between the parties concerning the subject matter of this agreement that were made

at any time before the guilty plea is entered in court. Thus, no oral or written

promises made by the government to Defendant or to the attorney for Defendant at

any time before Defendant pleads guilty are binding except to the extent they have

been explicitly incorporated into this plea agreement. If the parties have entered, or

subsequently enter, into a written proffer or cooperation agreement, though, this

plea agreement does not supersede or abrogate the terms of that agreement.

Dawn N. Ison
United States Attorney

John K. Neal
Chief, White Collar Crime Unit
Assistant United States Attorney

Karen L. Reynolds
Assistant United States Attorney

Todd Kim
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

_____          4/14/23
Elinor Colbourn                                      Date
Senior Counsel for Wildlife Programs
Environmental Crimes Section

By signing below, Defendant and its attorney agree that Defendant has read or been read this entire document, has discussed it with its attorney, and has had a full and complete opportunity to confer with its attorney. Defendant further agrees that it understands this entire document, agrees to its terms, has had all of its questions answered by its attorney, and is satisfied with its attorney's advice and representation.

_____          _____
William D. Dillon                                   FeelGood Natural Health Food
Attorney for Defendant                         Stores, Ltd.
                                                         Defendant
                                                         By its authorized representative

Dated: